## BEAN et al. v. INDEPENDENT EXPLORATION CO.

### No. 1679.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

Pujo, Bell & Hardin, of Lake Charles, for appellants.

Griffin T. Hawkins, of Lake Charles, for appellee.

LE BLANC, Judge.

This is a companion suit to that of Mrs. Dennis H. (Bonnie) Newton v. Independent Exploration Company et al. (La.App.) 171 So. 875, in which an opinion and decree were this day handed down by the

court. The accident which gave rise to both suits was the same and the facts regarding the same were fully discussed in the opinion referred to. Liability of the defendants was also therein fixed.

■ In this case, in addition to the denial of negligence set out, defendants pead in the alternative that even though there was negligence on the part of the driver of the truck, plaintiffs could not recover because of the contributory negligence of the driver of the automobile. In view of our holding that the accident was caused solely and only because of the negligence of the truck driver, the plea of contributory negligence has served the defendants no purpose in this suit. There remains for discussion only the question of the amount of damages.

■ Plaintiff Mrs. Burres Bean has asked for $2,650 for her personal injuries and her husband $68.50 for medical and other expenses incidental to her treatment and $245 for repairs to his damaged automobile. The lower court awarded Mrs. Bean $2,000 and Mr. Bean $246. Mrs. Bean answered the appeal praying for an increase in the amount of the judgment to the sum originally demanded. Her husband has not.

Mrs. Bean sustained a severe laceration between the shoulder and neck on the left side, which severed the muscles. The cut was about six inches long and two inches deep. It required the taking of twenty-two stitches and has left a very pronounced scar. She also suffered a deep cut wound in the scalp on the left side, about two inches long. In addition she received cuts on the right leg below the knee and various bruises all over the body. We judge from the evidence, however, that she was left with no ill effects and that the most serious result of a permanent character is the terrible scar on her left shoulder.

She plays piano and gives instructions to a class of pupils on that instrument. She speaks of having played over a radio broadcasting station, but we don't understand her to mean that she was paid for doing so. She complains that the severing of the muscles in her shoulder has impaired her playing, but if that is so, we can't say from the testimony, that it has to any appreciable extent. At least we do not think that it has interfered with her giving piano lessons; the only medium

through which she receives remuneration because of her musical talent.

In this case, we are inclined to believe that the award made to Mrs. Bean is a bit excessive and have decided to reduce it by the sum of $250.

For the reasons stated, it is therefore ordered that the judgment appealed from be, and the same is hereby, amended by reducing the amount of the award made to the plaintiff, Mrs. Burres Bean, from the sum of $2,000 to the sum of $1,750, and that as thus amended, it stand affirmed.